**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Flaherty,<br><br>            Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin, Acting Commissioner of Social Security,<br><br>            Defendant. | No. CV 09-08106-PHX-JAT<br><br>**ORDER** |

      Pending before the Court is Plaintiff's Motion for Attorneys' Fees (Doc. 28). Plaintiff has also filed a supporting memorandum of points and authorities (Doc. 29) and a supplement to his motion (Doc. 30). Plaintiff's motion is unopposed by Defendant.

**I.    BACKGROUND**

      Plaintiff originally filed applications for a period of disability and disability insurance benefits under Title II of the Social Security Act before the Commissioner of Social Security. Plaintiff's Title II application was denied initially and again on reconsideration. Plaintiff's application was then denied by an Administrative Law Judge ("ALJ").

      Following Plaintiff's denial by the ALJ, Plaintiff hired counsel to represent him on appeal to the Social Security Appeals Council. The Appeals Council denied Plaintiff's request for review. Plaintiff subsequently hired counsel to file an appeal before this Court and counsel filed a complaint on June 19, 2009. (Doc. 1). Plaintiff and counsel entered into a fee agreement for counsel's work before the Court. (Doc. 29-2). The agreement

provides that counsel will be paid 25% of any past due benefits which Plaintiff is eventually awarded.

On June 28, 2010, the Court vacated the Commissioner's decision and remanded Plaintiff's claim for further proceedings. (Doc. 16). On September 9, 2010, the Court awarded Plaintiff's counsel $4,975.00 under the Equal Access to Justice Act ("EAJA") and ordered that this award of EAJA fees does not preclude Plaintiff's counsel from seeking additional attorney fees under 42 U.S.C. § 406(b), subject to the offset provision of the law. (Doc. 26 at 2).

On remand before the Commissioner, Plaintiff was eventually awarded $94,791.00 in past due benefits on May 1, 2013. (Doc. 29-4). This award was for past due benefits from November 2005 to June 2012. (Id. at 3).

On June 28, 2013, Plaintiff's counsel filed the pending motion for an award of attorney's fees. (Doc. 28). On August 27, 2013, Plaintiff's counsel filed a supplement to his motion informing the Court that the ALJ had approved a fee request of $10,000.00 for time counsel spent representing Plaintiff before the Social Security Administration. (*Id*. at 1). Plaintiff's counsel has also submitted a letter from Plaintiff informing the Court that Plaintiff has reviewed the fee petition which counsel filed with this Court, that Plaintiff understands the amount counsel is requesting, and that Plaintiff agrees with counsel's fee request. (Doc. 30-2).

**II.     ANALYSIS**

Section 406(b) provides that whenever the Court renders a favorable judgment to a social security claimant, the Court can award reasonable attorneys' fees for representation of the claimant. 42 U.S.C. § 406(b)(1)(A). The reasonable fee cannot exceed twenty-five percent of the total past-due benefits awarded to the claimant. *Id*. The fee is payable out of, and not in addition to, the amount of the past-due benefits. *Id*. Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they

yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The Supreme Court noted that "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id*. Therefore, the Court must ensure the fee is 1) reasonable, and 2) limited to 25 percent of past-due benefits.

This Court must first "respect the primacy of lawful attorney-client fee agreements." *Crawford v. Astrue*, 586 F.3d 1142, 1150 (9th Cir. 2009) (en banc) (internal quotations omitted). While looking first to this agreement, this Court must still test the resulting award for reasonableness. *Id*. at 1149. In other words, "the district court must first look to the fee agreement and then adjust downward if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Id*. at 1151[1]. In considering reasonableness this Court should consider the following non-exhaustive factors: the character of the representation, the results achieved, performance, delay, whether the benefits were proportionate to the time spent on the case, and, as an aid if necessary, the lodestar calculation. *Id*.

Plaintiff and his counsel had a contingent-fee agreement in this case typical of fee agreements in disability benefit cases. The contingent-fee agreement provides that Plaintiff "agree[s] to pay [counsel] as [counsel's] attorney's fee 25% of any past due benefits which [Plaintiff] or [Plaintiff's] family receives on behalf of [Plaintiff's] Social Security Disability Claim in the event [Plaintiff's] case is won." (Doc. 29-2). Plaintiff was awarded $94,791.00 in past due benefits. (Doc. 29-4). Twenty-five percent of this award is $23,697.75. Plaintiff's counsel has requested $21,750.00. (Doc. 29 at 11).

While counsel has been authorized to charge Plaintiff $10,000.00 for attorney's fees by the Social Security Administration for time spent working on Plaintiff's claim before the Commissioner (Doc. 30-1), this amount is not part of the 25 percent authorized by section 406(b). *See Clark v. Astrue*, 529 F.3d 1211, 1215-16 (9th Cir. 2008) ("an

---

[1] "In the event the court chooses not to give effect to the terms of the agreement, it should state for the record the deduction being made and the reasons therefor[ ]." *Crawford*, 586 F.3d at 1151 (quoting *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc)).

1  award of attorney's fees under § 406(b) is separate from, and in addition to, any fees
2  awarded by the Administration under § 406(a)").

3  Plaintiff's counsel argues that the award issued by the Social Security
4  Administration erroneously calculates the past due benefits as only covering the period
5  from November 2005 through June 2012.  (Doc. 29 at 3).  Counsel contends that the past
6  due benefits should actually cover the period from March 2005 to December 2012 and this
7  amount would be $127,026.00.  (*Id.*).  Twenty-five percent of this amount is $31,756.50.
8  However, the Social Security Administration has awarded Plaintiff $94,791.00 in past due
9  benefits, not $127,026.00.  (Doc. 29-4).  The Court will not change this award.

10  The Court finds $21,750.00 is also a reasonable amount given the factors outlined
11  in *Crawford v. Astrue*.  *See* 586 F.3d at 1151.

12  **III.   CONCLUSION**

13  Based on the foregoing,

14  **IT IS ORDERED** that Plaintiff's Motion for an Award of Attorney's Fees Under
15  42 U.S.C. § 406(b) (Doc. 28) is granted.  Counsel's fees are approved in the amount of
16  $21,750.00.

17  Dated this 27th day of September, 2013.

James A. Teilborg
Senior United States District Judge